IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-328-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NIKHIL NILESH SHAH, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court to memorialize rulings entered in open court May 29, 2015, in address of the government's motion in limine for pretrial determination of the admissibility of certain evidence by it, (DE 52), and with respect to a final jury instruction, proposed by defendant. (DE 41, no. 15). For reasons set forth more particularly in the record, the court orders the following:

1. Defendant's request for a jury instruction reflecting Congressional intent in the passage of 18 U.S.C. § 1030(a)(5)(A), (DE 41, no. 15), is DENIED without prejudice.

2. The government's oral request to use in its opening statement demonstrative exhibit number 45, lodged in the docket at docket entry 52-46, is DENIED.

3. The government is DIRECTED to prepare its proposed final exhibits, including demonstrative exhibits and redacted Google messages as discussed at hearing, and serve and file the same with the court not later than June 8, 2015. In accompanying memorandum the government shall notice which if any of its demonstrative exhibits

it would seek to be included in the evidence available to the jury during its deliberations, and provide law in support of its position.

4. By June 10, 2015, but no later than two days after service upon defendant of the government's proposed final exhibits, defendant shall file with the court any response.

5. Defendant's hearsay objection, made pursuant to Federal Rule of Evidence 801(c), to the inclusion of usernames "NIKHIL" and "SYSADMIN" in certain of the government's proposed evidence is OVERRULED.

6. The government's oral motion for sequestration of witnesses, made pursuant to Federal Rule of Evidence 615, is GRANTED. All witnesses shall be sequestered at trial.

7. In light of issues raised at hearing, the government is DIRECTED to admonish all witnesses to refrain from disclosing any personal information about defendant, in those two categories discussed at hearing.

8. Decision on the government's request to introduce logs from the alleged victim's computer servers, to which defendant objects, is HELD in ABEYANCE. The court will take this issue up in the context of trial, upon any objection then being made when introduction is attempted. However, as already noted, defendant's hearsay objection, made pursuant to Federal Rule of Evidence 801(c), to the inclusion of usernames "NIKHIL" and "SYSADMIN" in the logs is OVERRULED.

9. Decision on the government's request to introduce cell site data, to which defendant's objections concerning improper expert disclosures having been made

were withdrawn at hearing, also is HELD in ABEYANCE. The court will take this issue up in the context of trial, upon any objection then being made when introduction is attempted.[1]

10. Upon hearing further from the parties, it was announced that separate order will follow addressing more particularly that part of the government's motion concerning introduction of Google messages, including defendant's personal emails and chats, in advance of trial.

SO ORDERED, this the 29th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Defendant indicated objection is not likely, with respect to issues raised in its written response to the motion, where expert materials have since been received from the government, and further time is not required to prepare for trial. However, defendant did indicate a Daubert challenge may be considered. If any such challenge shall be made, the court sets deadline for filing of defendant's motion of June 5, 2015, with any response being due by June 10, 2015.